IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BENJAMIN ASHLEY GARDNER
Plaintiff            *

v.            *      CIVIL ACTION NO. JKB-12-935

ELLEN BARRY GRUNDEN            *
Defendant

## MEMORANDUM

Benjamin Ashley Gardner is detained in the Talbot County Detention Center pending trial following reversal of his conviction for second-degree rape and related charges. He has terminated the services of his attorney and is preparing his own defense. His prolix complaint, directed at a Talbot County assistant state's attorney, seeks money damages and other relief[1] based on Gardner's claim that he has not been provided proper discovery material to prepare his defense. His request to proceed without prepayment of costs (ECF No. 3) and his request to seal sensitive material (ECF No. 2) shall be granted in part.[2] The complaint, however, shall be dismissed.

In *Younger v. Harris*, 401 U.S. 37, 43-44, 46 (1971), the Supreme Court reexamined the principles governing federal judicial intervention in pending state criminal cases and unequivocally reaffirmed "the fundamental policy against federal interference with state criminal prosecutions" which is founded on the "basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." The Court "'left room for federal equitable intervention in a state criminal trial

---

[1] Gardner asks this court to obtain the appellate record in his first trial, mandate a change of venue so that he may be tried in another county, remove defendant from the prosecution of his case, postpone his upcoming trial currently scheduled for May of 2012, and maintain federal oversight of his prosecution. ECF No. 1 at 45-48.

[2] Exhibits 1-3, 5, 7-8, 11-13 and 21-23 shall be sealed. The remainder may be docketed electronically.

where there is a showing of "bad faith" or "harassment" by state officials responsible for the prosecution.'" *Id.* at 54, *quoted in Kugler v. Helfant*, 421 U.S. 117, 124 (1975).

Ordinarily, a pending state prosecution provides an accused a fair and sufficient opportunity for vindication of federal constitutional rights. *Kugler*, 421 U.S. at 124; *see also Steffel v. Thompson*, 415 U.S. 452, 460 (1974). "Only if 'extraordinary circumstances' render the state court incapable of fairly and fully adjudicating the federal issues before it," can federal intervention be considered. *Kugler*, 421 U.S. at 124.

Gardner complains that he is unable to obtain "open file discovery" in preparation for his upcoming retrial. He indicates that he has filed numerous motions in the state circuit court concerning the alleged thwarting of the discovery process by defendant. ECF No. 1 at 2-5. Gardner should pursue his discovery requests in the circuit court and by way of motions hearings. His frustrations do not amount to "extraordinary circumstances" warranting federal intervention and oversight over an ordinary state court prosecution.

Nor can this court consider Gardner's claim as a request for habeas corpus relief under 28 U.S.C. § 2241. Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody and has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial on the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect petitioner's constitutional rights. *See*

*Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971). Petitioner's claim that he is being denied appropriate discovery may be litigated in the state forum where his criminal charges are pending without harm to his constitutional rights.

Gardner's claim is constitutionally frivolous and shall be dismissed. Under the Prison Litigation Reform Act ("PLRA"), he may be barred from filing future suits *in forma pauperis* if he continues to file civil actions that are subject to dismissal as frivolous or malicious under § 1915(e) or for the failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). Plaintiff is placed on notice that pursuant to 28 U.S.C. § 1915(g), this dismissal may affect his ability to proceed *in forma pauperis* in future civil actions. Title 28, United States Code, § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This case constitutes Gardner's "first strike" under the PLRA. A separate order shall be entered in accordance herewith.

April 3, 2012
(Date)

James K. Bredar
United States District Judge

3